# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JASON ALLEN TUCKER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No: 4:20-cv-00427 |
| **LOGISTICARE SOLUTIONS, LLC,** | ) |
| | ) |
| -and- | ) |
| | ) |
| **ONE TRANSPORATION, LLC,** | ) |
| | ) |
| -and- | ) |
| | ) |
| **FREDDIE YOUNG,** | ) |
| Serve:  5307 Grove | ) |
| St. Louis, MO 63135 | ) |
| | ) |
| Defendants. | ) |

---

## SECOND AMENDED COMPLAINT
## COUNT I – LOGISTICARE COLUTION, LLC

COMES NOW Plaintiff, through counsel, for his claim against Defendant LogistiCare Solutions, LLC (hereinafter LogistiCare) in Count I of this Second Amended Complaint, states as follows:

1.      At all times relevant to this litigation, Plaintiff Jason Allen Tucker has been a resident of St. Louis, St. Louis County, Missouri.

2.      At all times relevant to this litigation, Defendant LogistiCare ("LogistiCare") has been a Delaware LLC, duly registered to conduct business in the state of Missouri.

3.      At the time of the incident alleged in this Second Amended Complaint, Plaintiff was in a medical transportation van driven by an agent/employee/representative of Defendant

LogistiCare. At all times relevant to this litigation, said individual was an agent, servant, employee, or apparent or ostensible agent, of the defendant, acting in the course and scope of his employment or other relationship with Defendant LogistiCare.

4.　　Venue in the City of St. Louis is proper pursuant to RSMo. §508.010. as Mr. Tucker was injured in St. Louis City, Missouri.

5.　　On or about May 30, 2019, Plaintiff secured medical transportation services from LogistiCare for transport on that date to and from a medical appointment.

6.　　On May 30, 2019, Plaintiff was picked up in a medical transportation van by an individual, agent, servant, employee, or apparent or ostensible agent of Defendant LogistiCare .

7.　　On that date, said individual, agent, servant, employee, or apparent or ostensible agent of Defendant LogistiCare, arrived at the Plaintiff's residential facility, Rancho Manor Healthcare & Rehabilitation Center. At that time, he took control of Plaintiff's wheelchair and placed him in the medical transportation van for purposes of transporting him to the medical appointment.

8.　　Said individual, agent, servant, employee, or apparent or ostensible agent of Defendant LogistiCare failed to adequately secure Plaintiff in the wheelchair in the medical transportation van.

9.　　Said agent, servant, employee, or apparent or ostensible agent of Defendant LogistiCare braked suddenly and Plaintiff was thrown from the wheelchair, injuring his right leg as more fully set out below.

10.　　Defendant LogistiCare is liable for its agent, servant, employee, or apparent or ostensible agent, and breaches of his duty to Plaintiff to exercise the highest degree of care in operating the medical transportation van on May 30, 2019, because he negligently:

a. Drove at an excessive speed for the then-existing circumstances;

b. Failed to adequately secure Plaintiff in the wheelchair in the medical transportation van before moving the van;

c. Failed to properly train the driver in charge of Plaintiff's care on May 30, 2019;

d. Failed to properly supervise the driver in charge of Plaintiff's care on May 30, 2019;

e. Failed to properly test the driver in charge of Plaintiff's care on May 30, 2019; and

f. Failed to follow recognized rules or standards for safely transporting a patient in a wheelchair.

11. As a direct and proximate result of Defendant LogistiCare's negligence and carelessness, as aforesaid, Plaintiff Jason Allen Tucker suffered injuries to the various bones, joints, muscles, nerves and systems of his body, specifically a right trimalleolar fracture, and amputation of his right leg below the knee; his injuries are permanent, progressive, and disabling; his ability to work, labor, and enjoy life has been and will in the future be impaired, all to his damage.

**WHEREFORE**, Plaintiff Jason Allen Tucker prays for judgment against Defendant LogistiCare in Count I of this Second Amended Complaint, in an amount in excess of $25,000 that is fair and reasonable, for the costs he incurs in this litigation and for such other or further relief as may be just and proper.

## COUNT II – ONE TRANSPORTATION, LLC

COMES NOW Plaintiff, through counsel, for his claim against Defendant One Transportation, LLC (hereinafter One Transportation) in Count II of this Second Amended Complaint, states as follows:

12.     Plaintiff restates and reiterates paragraphs 1 through 11 of Count I of this Second Amended Complaint as if fully set forth herein.

13.     At all times relevant to this litigation, Defendant One Transportation has been a Missouri LLC, duly registered in the State of Missouri and licensed to conduct business in the state of Missouri.

14.     At the time of the incident alleged in this Second Amended Complaint, Plaintiff was in a medical transportation van driven by an agent/employee/representative of Defendant One Transportation. At all times relevant to this litigation, said individual was an agent, servant, employee, or apparent or ostensible agent, of Defendant One Transportation, acting in the course and scope of his employment or other relationship with Defendant One Transportation.

15.     On or about May 30, 2019, Plaintiff secured medical transportation services from One Transportation for transport on that date to and from a medical appointment.

16.     On May 30, 2019, Plaintiff was picked up in a medical transportation van by an individual, agent, servant, employee, or apparent or ostensible agent of Defendant One Transportation.

17.     On that date, said individual, agent, servant, employee, or apparent or ostensible agent of Defendant One Transportation, arrived at the Plaintiff's residential facility, Rancho Manor Healthcare & Rehabilitation Center. At that time, he took control of Plaintiff's wheelchair

and placed him in the medical transportation van for purposes of transporting him to the medical appointment.

18.     Said individual, agent, servant, employee, or apparent or ostensible agent of Defendant One Transportation failed to adequately secure Plaintiff in the wheelchair in the medical transportation van.

19.     Said agent, servant, employee, or apparent or ostensible agent of Defendant One Transportation braked suddenly and Plaintiff was thrown from the wheelchair, injuring his right leg as more fully set out below.

20.     Defendant One Transportation is liable for its agent, servant, employee, or apparent or ostensible agent, and breaches of his duty to Plaintiff to exercise the highest degree of care in operating the medical transportation van on May 30, 2019, because he negligently:

    a.     Drove at an excessive speed for the then-existing circumstances;

    b.     Failed to adequately secure Plaintiff in the wheelchair in the medical transportation van before moving the van;

    c.     Failed to properly train the driver in charge of Plaintiff's care on May 30, 2019;

    d.     Failed to properly supervise the driver in charge of Plaintiff's care on May 30, 2019;

    e.     Failed to properly test the driver in charge of Plaintiff's care on May 30, 2019; and

    f.     Failed to follow recognized rules or standards for safely transporting a patient in a wheelchair.

21.     As a direct and proximate result of Defendant One Transportation's negligence and carelessness, as aforesaid, Plaintiff Jason Allen Tucker suffered injuries to the various bones, joints, muscles, nerves and systems of his body, specifically a right trimalleolar fracture, and amputation of his right leg below the knee; his injuries are permanent, progressive, and disabling;

his ability to work, labor, and enjoy life has been and will in the future be impaired, all to his damage.

  **WHEREFORE**, Plaintiff Jason Allen Tucker prays for judgment against Defendant One Transportation in Count II of this Second Amended Complaint, in an amount in excess of $25,000 that is fair and reasonable, for the costs he incurs in this litigation and for such other or further relief as may be just and proper.

## COUNT III – FREDDIE YOUNG

  COMES NOW Plaintiff, through counsel, for his claim against Defendant Freddie Young (hereinafter Young) in Count III of this Second Amended Complaint, states as follows:

  22. Plaintiff restates and reiterates paragraphs 1 through 21 of Counts I and II of this Second Amended Complaint as if fully set forth herein.

  23. At all times relevant to this litigation, Defendant Young was a citizen of and resident of the State of Missouri.

  24. On or about May 30, 2019, Plaintiff had secured medical transportation services from Logisticare and/or One Transportation for transport on that date to and from a medical appointment. Logisticare and/or One Transportation assigned Plaintiff's transportation to Defendant Young.

  25. On May 30, 2019, Plaintiff was picked up in a medical transportation van by Defendant Young.

  26. On that date, Defendant Young arrived at the Plaintiff's residential facility, Rancho Manor Healthcare & Rehabilitation Center. At that time, Defendant Young took control of Plaintiff's wheelchair and placed him in the medical transportation van for purposes of transporting him to the medical appointment.

27.     Defendant Young failed to adequately secure Plaintiff in the wheelchair in the medical transportation van.

28.     Defendant Young braked suddenly and Plaintiff was thrown from the wheelchair, injuring his right leg as more fully set out below.

29.     Defendant Young is liable his breaches of his duty to Plaintiff to exercise the highest degree of care in operating the medical transportation van on May 30, 2019, because Defendant Freddie Young negligently:

   a.     Drove at an excessive speed for the then-existing circumstances;

   b.     Failed to adequately secure Plaintiff in the wheelchair in the medical transportation van before moving the van; and

   c.     Failed to follow recognized rules or standards for safely transporting a patient in a wheelchair.

30.     As a direct and proximate result of Defendant Young's negligence and carelessness, as aforesaid, Plaintiff Jason Allen Tucker suffered injuries to the various bones, joints, muscles, nerves and systems of his body, specifically a right trimalleolar fracture, and amputation of his right leg below the knee; his injuries are permanent, progressive, and disabling; his ability to work, labor, and enjoy life has been and will in the future be impaired, all to his damage.

   **WHEREFORE**, Plaintiff Jason Allen Tucker prays for judgment against Defendant Freddie Young in Count III of this Second Amended Complaint, in an amount in excess of $25,000 that is fair and reasonable, for the costs he incurs in this litigation and for such other or further relief as may be just and proper.

ORTWERTH LAW, LLC

**/s/ Craig M. Ortwerth**
**Craig M. Ortwerth #47880**
*cortwerth@gatewayinjurylaw.com*
**1922 Chouteau Avenue**
**St. Louis, Missouri 63103**
**(314) 584-4500**
**(314) 584-4501 facsimile**
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of records this **14th** day of **May, 2020**.

**/s/ Craig M. Ortwerth**